No. 24-1759

# United States Court of Appeals
## for the First Circuit

———————

TRIUMPH FOODS, LLC, CHRISTENSEN FARMS MIDWEST, LLC, THE HANOR COMPANY OF WISCONSIN, LLC, NEW FASHION PORK, LLP, EICHELBERGER FARMS, INC. AND ALLIED PRODUCERS' COOPERATIVE, INDIVIDUALLY AND ON BEHALF OF ITS MEMBERS,

*Plaintiffs-Appellants*,

v.

ANDREA JOY CAMPBELL, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MASSACHUSETTS, AND ASHLEY RANDLE, IN HER OFFICIAL CAPACITY AS COMMISSIONER OF THE MASSACHUSETTS DEPARTMENT OF AGRICULTURAL RESOURCES,

*Defendants-Appellees*.

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO. 23-CV-11671-WGY

———————

**APPELLEES' RESPONSE TO APPELLANTS' MOTION TO EXPEDITE**

———————

The Commonwealth opposes appellants' motion to expedite this appeal because appellants fail to establish either good cause to expedite it or irreparable harm from a standard schedule. The Commonwealth respectfully requests that the Court deny appellants' motion, or at least accord the Commonwealth the default thirty days in which to file its brief, reserving its right to request additional time as warranted by the circumstances.

This is an appeal from a final judgment and certain interim orders issued in a civil case challenging the constitutionality of a Massachusetts law, the Massachusetts Act to Prevent Cruelty to Farm Animals, which prohibits the cruel confinement of breeding pigs within Massachusetts and the in-state sales of certain pork meat originating from pigs that were cruelly confined. Mass. Gen. L. c. 129 App. §§ 1-2, 1-3. The law previously contained a narrow exemption from the sale prohibition for pork meat sold at the establishments of facilities inspected under the Federal Meat Inspection Act, *i.e.*, federally inspected slaughterhouses, which the District Court struck and severed from the rest of the law. ECF No. 125.

Appellants' claims of irreparable harm and urgency are unfounded, for two reasons. First, while appellants try to create the impression of imminent, catastrophic harm to themselves and to the nation's food supply, their own litigation conduct suggests any such urgency is of appellants' own making – if it exists at all. Appellants took over three weeks to file their notice of appeal, did not

move the District Court for an injunction pending appeal, make no showing that such a request would be impracticable, and do not ask this Court to enter an injunction pending appeal. *See* Fed. R. App. P. 8(a)(1)(2). Nor did Appellants contact appellees to seek agreement to a proposed briefing schedule or provide reasonable notice of their motion prior to filing it. *See* Fed. R. App. P. 8(a)(2).

Second, appellants' motion does not establish it will suffer irreparable harm absent expedited review or good cause to expedite. Appellants claim a truncated schedule will "significantly limit" their irreparable injury, without explaining how a difference of one or two months could meaningfully limit that injury. Further, appellants' claims of irreparable harm are based entirely on what they present as "largely uncontested" facts – facts which the Commonwealth consistently has disputed but which never were tried, because the case was resolved on issues of law prior to trial. Ultimately, this case warrants careful attention from the Commonwealth and this Court, not a rushed resolution. The Commonwealth accordingly requests that the Court deny appellants' motion, or at least afford the Commonwealth the standard thirty days to file its brief.

## ARGUMENT

### A. Any Urgency or Harm Is of Appellants' Own Making Given Their Belated Challenge to the Massachusetts Law.

To the extent any true urgency or risk exists for appellants' business interests, it is of their own making and does not warrant expediting this appeal.

2

The Massachusetts Act to Prevent Cruelty to Farm Animals (the "law") has been in effect for a year, since August 24, 2023, without the in-state or nationwide consequences portended by appellants. More importantly, appellants have been on notice about the alleged risk to their interests for years but took no action until recently. Massachusetts voters enacted the law by ballot initiative nearly eight years ago, in 2016, and the Legislature amended it in 2021; appellants did not challenge the law at either juncture. Over two years ago, other industry actors filed a different lawsuit to challenge the law, yet appellants did not participate. *See Mass. Rest. Ass'n, et al. v. Healey*, 22-cv-11245 (D. Mass.).

It was not until several months after the United States Supreme Court upheld California's nearly identical law, Proposition 12, against a dormant Commerce Clause challenge in May 2023, *National Pork Producers Council v. Ross*, 598 U.S. 356 (2023), that appellants filed the action giving rise to this appeal.[1] And as described above, appellants have not acted with the urgency that true irreparable harm requires, by taking weeks to file a notice of appeal and declining to seek injunctive relief. While appellants' "wait and see" approach may make practical or

---

[1] Notably, appellants have not joined any of the challenges to Proposition 12, despite asserting that that law will catastrophically impact their business, as well. *See, e.g.*, *Iowa Pork Producers Ass'n v. Bonta*, 22-5536 (9th Cir. 2024) (rejecting similar claims raised by industry plaintiff to those raised by appellants).

3

economic sense, it does not support a finding of irreparable harm or good cause to expedite proceedings.

### B. Appellants Fail to Establish Irreparable Harm from a Standard Appellate Schedule or Good Cause to Expedite.

Appellants have not made a credible showing of good cause, let alone irreparable harm, which would justify cutting in front of other litigants or shortening the time available to the Commonwealth to prepare its brief and defend the constitutionality of its law. To support their claim of irreparable harm, appellants assert that their many factual allegations "largely went uncontested" by the Commonwealth. Mot., at 10. This assertion misrepresents the procedural posture of the case, suggesting that because appellants' claims were decided on questions of law prior to trial – at the motion to dismiss stage, on a case stated basis, and in two separate summary judgment proceedings – the Commonwealth did not contest certain factual allegations. Notably, had appellants moved for an injunction pending appeal, the Commonwealth would be entitled to rebut appellants' fact and expert affidavits with its own evidence, an outcome avoided by the nature of appellants' request here. In any event, Plaintiffs' factual allegations fail to suggest, let alone establish, irreparable harm generally – nor any connection between a delay of one to two months and any discernible impact on the harm they claim they will experience.

Ultimately, appellants' alleged harm, like their case overall, is neither novel nor urgent. Their factual allegations are indistinguishable from those already raised by the industry plaintiffs in *Ross*, and their legal claims either are derivative of the *Ross* plaintiffs' claims or entirely without merit. *Compare Ross*, 598 U.S. at 399-401 (Roberts, C.J., concurring) (describing alleged harms to industry) *with* ECF Nos. 27-1 – ECF No. 27-8; ECF No. 72, at 5-9 (describing similar harms). What appellants cast as an impending economic catastrophe is instead the result of a gradual shift in consumer demand and state regulation of pork product sales – a shift that other industry participants saw coming and to which they adjusted, and to which appellants have had years to do the same. *See, e.g.*, *Ross*, Br. of Amicus Curiae Perdue Premium Meat Co., Inc., d/b/a Niman Ranch, at 1 (producer that has "humanely raised pork for years" noting other producers "can and will adjust" to consumer demand). Appellants instead chose to belatedly pursue this litigation. That, of course, is their prerogative, but it presents neither an economic nor constitutional crisis. And it does not establish irreparable harm or good cause to expedite this case.

For the foregoing reasons, the Commonwealth respectfully requests that the Court deny appellants' motion in its entirety, and, at the very least, accord the Commonwealth the default thirty days in which to file their brief, reserving its rights to request additional time as circumstances may warrant.

5

Respectfully submitted,

ANDREA JOY CAMPBELL, in her official capacity as Attorney General of Massachusetts, and

ASHLEY RANDLE, in her official capacity as Commissioner of the Massachusetts Department of Agricultural Resources,

By their attorneys,

*/s/ Vanessa A. Arslanian*
Vanessa A. Arslanian, 1st Cir. No. 1186571
Grace Gohlke, 1st Cir. No. 1204282
    *Assistant Attorneys General*
Massachusetts Office of the Attorney General
Constitutional and Administrative Law Division
One Ashburton Place
Boston, MA  02108
617-963-2107
vanessa.arslanian@mass.gov
617-963-2527
grace.gohlke@mass.gov


Maryanne Reynolds, 1st Cir. No. 121697
    *Assistant Attorney General*
Massachusetts Office of the Attorney General
Constitutional and Administrative Law Division
10 Mechanic Street, Suite 301
Worcester, MA  01608
774-214-4407
maryanne.reynolds@mass.gov

Dated:    August 27, 2024

## CERTIFICATE OF SERVICE

I, Vanessa A. Arslanian, Assistant Attorney General, hereby certify that pursuant to Fed. R. App. P. 25 that I have served the foregoing Response to Appellants' Motion to Expedite upon all parties by electronically filing to all CM/ECF registered parties and by sending a postage prepaid copy to all unregistered parties.

Dated: August 27, 2024

*/s/ Vanessa A. Arslanian*
Vanessa A. Arslanian
Assistant Attorney General