No. 24-1759

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

TRIUMPH FOODS, LLC, CHRISTENSEN FARMS MIDWEST, LLC, THE HANOR COMPANY OF WISCONSIN, LLC, NEW FASHION PORK, LLP, EICHELBERGER FARMS, INC. AND ALLIED PRODUCERS' COOPERATIVE, INDIVIDUALLY AND ON BEHALF OF ITS MEMBERS,

*Plaintiffs-Appellants*,

v.

ANDREA JOY CAMPBELL, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MASSACHUSETTS, AND ASHELY RANDLE, IN HER OFFICIAL CAPACITY AS MASSACHUSETTS COMMISSIONER OF AGRICULTURE,

*Defendants-Appellees*,

_____

**APPELLANTS' OPPOSITION
TO APPELLEES' MOTION FOR EXTENSION OF TIME**

In expediting the briefing deadlines for this appeal, this Court already informed the parties that "[m]otions to extend these deadlines are discouraged." Order, Aug. 29, 2024, at 1. Undeterred—and having already received the full 30 days they wanted to complete their brief—Appellees request an unwarranted extension. Because this request prejudices Appellants and the expedited nature of this appeal, and because Appellees provide insufficient grounds for this already discouraged request, this Court should deny the motion.

1.    In proposing the expedited, yet reasonable, briefing schedule for this appeal, Appellants made clear that a primary reason behind the specific dates proposed was to complete briefing in advance of this Court's November argument setting.  *See* Appellant Motion to Expedite, at 2-3. Because this Court "usually sits for one week starting on the first Monday of the month," 1st Cir. IOP VII.C., Appellants' proposed schedule—as well as the one ultimately entered by the Court—completed briefing well in advance of November 4, the first Monday of November.

2.    Appellees now propose delaying their filing until Friday, November 1, with Appellants' reply brief to follow in "early- to mid-November." Motion ¶ 9.  Indeed, based on this Court's original schedule, Appellants' reply brief would then be due by November 11, 2024. Of course, that precludes any argument at this Court's November setting should the Court deem it appropriate.   Accordingly, Appellees' suggestions that Appellants are not prejudiced by the requested extension, or that the requested extension is unlikely to "change significantly the calendar for which this case could be considered for oral argument," are simply incorrect.  *See* Motion ¶ 9. For every month that passes without a resolution, the irreparable harm to the Appellants

continues in earnest.

3.     Appellants have extensively described the additional bases for expediting this appeal and will not repeat them in detail here.  *See* Appellant Motion to Expedite, at 9-16.  In addition to the real-world, on-the-ground harm imposed by the Commonwealth's unconstitutional statute, Appellants have diligently and expeditiously litigated this challenge throughout the proceedings.  They requested a preliminary injunction at the inception of the case, which the district court consolidated with the merits of the case, *see* Fed. R. Civ. P. 65(a)(2), then did not resolve for 323 days.  The procedural posture of this case, as well as the equities, justify the expedited consideration this Court already ordered.

4.     Further, Appellees' purported justifications for their requested extension are unavailing.  To begin, Appellees claim they need additional time because of the number of legal claims and motions at issue.  *See* Motion ¶ 6.  But that should have come as no surprise to Appellees.  There have always been ten claims in this case (at least at the case's inception) and *Appellees themselves* briefed all of them throughout the proceedings below.  Thirty days—the full allocation of time prescribed

by the Federal Rules of Appellate Procedure—is more than sufficient for Appellees to address these issues, especially in an expedited appeal.

5.    The press of other business is similarly uncompelling.  *See* Motion ¶ 8.  Appellees have three attorneys entered on this case, not to mention the resources of the full Office of the Attorney General to complete their brief.  If Appellees needed to plan around professional obligations, or needed additional attorney support, they have known about this schedule since August 29.  So too with whatever time is necessary for the "multiple levels of review required within the Office of the Attorney General and client agencies for appellate briefs."  Motion ¶ 7.  Appellees have had ample time to account for this in their scheduling.

6.    Finally, Appellees' motion accurately describes what they asked the Court to do when opposing Appellants' original request to expedite this appeal: "accord the Commonwealth the default thirty days in which to file its brief, reserving its right to request additional time as warranted by the circumstances."  Motion ¶ 3.  This Court's Order addressed both of those requests.  The Court gave Appellees their requested 30 days to complete their brief, "a difference of two days from

Appellants' proposed schedule." Order, Aug. 29, 2024, at 1. And the Court also addressed Appellees' desire—or, as they put it, "right"—to seek extensions of time "as warranted by the circumstances." Appellees Opp. to Motion to Expedite, at 1. This Court responded: "Motions to extend these deadlines are discouraged." Order, Aug. 29, 2024, at 1.

7.    Appellees fail to offer any sufficient justification to overcome this Court's expedited scheduling and its discouragement of motions to extend it.

## CONCLUSION

This Court should deny the motion and direct Appellees to file their brief on or before October 21, 2024, in accordance with this Court's prior order.

Dated: October 9, 2024              Respectfully submitted,

*/s/ Michael T. Raupp*
Michael T. Raupp
Cynthia L. Cordes
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
michael.raupp@huschblackwell.com
cynthia.cordes@huschblackwell.com

Ryann A. Glenn
Husch Blackwell LLP
14606 Branch Street, Suite 200
Omaha, NE 68154
Telephone: (402) 964-5000
Facsimile: (402) 964-5050
ryann.glenn@huschblackwell.com

*Attorneys for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d) and 32(g), the undersigned hereby certifies that this reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 27(d)(2) and any accompanying documents as authorized by Fed. R. App. P. 27(a)(2)(B), the document contains 771 words.

This document has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font as provided by Fed. R. App. P. 32(a)(5)-(6). As authorized by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of the word processing system in preparing this certificate.

*/s/ Michael T. Raupp*
*Attorney for Plaintiff-Appellants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this Wednesday, October 9, 2024 the foregoing document was electronically filed with Clerk of the Court using the CM/ECF system which sent electronic notification of such filing to all CM/ECF Participants.


*/s/ Michael T. Raupp*
*Attorney for Plaintiff-Appellants*